# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL A. CHAMBERS** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **ENTERPRISE OFFSHORE DRILLING, L.L.C.** | * | **MAGISTRATE DIV.** |
| | * | |
| | * | **TRIAL BY JURY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SEAMAN'S COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Michael A. Chambers, a person of full age and majority domiciled in the County of Wayne, State of Mississippi, who respectfully represents:

1. Defendant, Enterprise Offshore Drilling, a Louisiana corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

2. This Honorable Court possesses subject matter jurisdiction of this matter under the Jones Act, 46 U.S.C. §30104, the general maritime common law of the United States, and by virtue of 28 U.S.C. § 1332 given the complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

3. On or about May 17, 2022, Michael A. Chambers, was employed by Enterprise Offshore Drilling, L.L.C. as a Jones Act Seaman and Roustabout aboard the Enterprise 205.

4. At all pertinent times Enterprise Offshore Drilling L.L.C. owned, operated and/or controlled the Enterprise 205 which was at all pertinent times a vessel in navigation.

5. On or about May 17, 2022, Plaintiff's right ankle was struck, pinned, and broken by a piece of metal directly caused, in whole or part, by Enterprise Offshore Drilling L.L.C.'s negligent, careless and/or reckless conduct in hoisting and moving drill collars.

6. Information and belief, Michael Chambers, alleges that the direct cause, in whole or part, of the above-described event was the negligence of Enterprise Offshore Drilling L.L.C. in the following respects:

   A. Breach of a legally imposed duty of reasonable care owed by the defendant to the plaintiff;

   B. Failure to provide a reasonably safe place to work;

   C. Failure to properly train and supervise plaintiff;

   D. Failure to take any means or precautions for the safety of defendant's employees, including plaintiff;

   E. Creation and maintenance of an unseaworthy vessel;

   F. Failure to provide minimum safety requirements;

   G. Failure to provide adequate equipment for the job in question;

   H. Failure to provide adequate personnel for the job in question;

   I. Other actions and omissions to be revealed during discovery in this matter.

7. As direct result of the negligence of Enterprise Offshore Drilling L.L.C. and the unseaworthiness of the Enterprise 205, plaintiff, Michael Chambers, is entitled to recover from the defendant reasonable compensatory, special, and general damages as prayed for herein to include:

  A. Past, present and future physical, mental and emotional pain and suffering;

  B. Past, present and future loss of wages, fringe benefits and wage-earning capacity;

  C. Past and future physical disability;

  D. Past, present and future medical expenses; and

  E. All other special and general damages as will be shown at the trial of this matter.

8. Pursuant to the General Maritime Law of the United States of America, Enterprise Offshore Drilling, L.L.C. had and continues to have the absolute and nondelegable duty to provide plaintiff with adequate maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

9. As a result of the aforementioned accident, plaintiff was rendered unfit for duty to due to his broken ankle and resulting surgical intervention and presently remains unfit and incapable of returning to duty as a seaman.

10. Therefore, plaintiff, Michael Chambers, prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should defendant, Enterprise Offshore Drilling, L.L.C., fail to honor its maintenance and cure obligation, plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendant which would result in a deterioration of the plaintiff's medical condition.

11. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff prays that defendant, Enterprise Offshore Drilling, L.L.C., be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of plaintiff, Michael Chambers, and against the defendant, Enterprise Offshore Drilling, L.L.C., for all damages to which plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

Date:  October  11, 2022

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**


BY:      */s/ Joseph M. Miller*
**JOSEPH M. MILER #30363**
jmiller@davissaunders.com
**BENJAMIN B. SAUNDERS #11733**
bensaunders@davissaunders.com
450 N. Causeway Blvd., Suite D
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985) 612-3072
**Attorneys for Michael A. Chambers**

**Please Issue Summons to:**
Capitol Corporate Services Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, Louisiana 70809

4